IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH TAYLOR                     :
                                  :
    v.                            :   Civil Action No. DKC 10-2167
                                  :
THE STATE OF MARYLAND, et al.     :
                                  :

**MEMORANDUM OPINION**

Presently pending and ready for review is the motion of Defendant St. Mary's County, Maryland for bifurcation and a stay of discovery. The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion will be granted.

**I.  Background**

Plaintiff Joseph Taylor is a resident of Maryland. (ECF No. 20 ¶ 1). In his amended complaint, the State of Maryland, St. Mary's County, Maryland, and Deputy Sheriff Keith Moritz are named as Defendants. (*Id.*). Plaintiff alleges that on June 28, 2009, he was sprayed in the eyes with mace by Defendant Moritz without warning or provocation and sustained personal injuries. (*Id.* at ¶¶ 8-9). Plaintiff's suit asserts counts for battery, negligence, and violation of 42 U.S.C. § 1983 and the Fourth Amendment. Defendant St. Mary's County,

Maryland is allegedly liable for battery and negligence pursuant to the doctrine of *respondeat superior* (*id.* ¶¶ 16, 20) and for violation of Plaintiff's civil rights under § 1983 because of the county's "custom, policy, and practice of failing to take action to stop, the widespread and on-going use of excessive force by the County's police officers." (*Id.* ¶ 27).

Plaintiff's initial complaint was filed in the Circuit Court for St. Mary's County, Maryland and subsequently removed to federal court on August 9, 2010. (ECF Nos. 1-2). Defendants filed a motion to dismiss on August 13, 2010, but the motion was rendered moot prior to a court decision because the Plaintiff submitted an amended complaint. (ECF Nos. 9 and 20). Defendants filed their answer to the amended complaint on October 21, 2010. (ECF No. 22). Defendant St. Mary's County, Maryland then moved for bifurcation and a stay of discovery concerning the § 1983 claim only. (ECF No. 25).

**II. Motion for Bifurcation and Stay of Discovery**

    **A. Standard of Review**

Under Fed.R.Civ.P. 42(b), the court may, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy," order separate trials of any claims or issues. The court has broad discretion in deciding whether to bifurcate claims for trial, and the exercise of that discretion will be set aside only if clearly abused.

*Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir.), *cert. denied,* 510 U.S. 915 (1993).

**B. Analysis**

Defendant argues that bifurcation is appropriate because the viability of Plaintiff's § 1983 claim against the County is dependent upon the resolution of his claims against Defendant Moritz and Plaintiff cannot prevail against the County unless and until he prevails against Defendant Moritz. (ECF No. 25-1, at 3). Defendant maintains that bifurcation of the claims will speed the discovery and trial processes and also prevent any prejudice to Defendant Moritz that might arise if prior incidents of police brutality are introduced as evidence to establish a county custom or policy of tolerating or prescribing the use of excessive force. *Id.* Plaintiff opposes bifurcation and argues that the motion should be denied because (1) he is a person of limited financial means and bifurcation will increase his financial burden; (2) any potential prejudice to Defendant Moritz could be cured with proper jury instructions; and (3) Defendant has a pending motion to dismiss and a stay of discovery would impair Plaintiff's ability to develop the evidence necessary to oppose the motion. (ECF No. 28, at 1-2).

Counties and other municipalities can be liable under § 1983 where some custom, practice, or policy of the municipality is the proximate cause of the violation of the

plaintiff's constitutional rights. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978). A municipality can only be held liable under § 1983 if the plaintiff first establishes that some county employee violated his constitutional rights. *Young v. City of Mount Ranier*, 238 F.3d 567, 579 (4th Cir. 2001); *James v. Frederick Cnty. Pub. Schs.*, 441 F.Supp.2d 755, 761 (D.Md. 2006).

Because of the secondary nature of a municipality on potential liability under § 1983, courts have frequently bifurcated discovery and or trial so that cases proceed first with a trial against the individual defendant(s) alleged to be primarily liable. *See, e.g., James*, 441 F.Supp.2d at 762 (granting motion to bifurcate and proceed first against individual defendant); *Jones v. Ziegler*, 894 F.Supp. 880, 883 (D.Md. 1996), *aff'd by*, *Jones v. Welham*, 104 F.3d 620 (4th Cir. 1997); *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 230 (D.Md. 1991); *Dawson v. Prince George's Cnty.*, 896 F.Supp. 537, 540 (D.Md. 1995). Not only does bifurcation in such situations streamline the issues for trial, it prevents prejudice to the individual defendants that would otherwise arise from the introduction of evidence of prior incidents of police brutality in order to make a case against the municipality. *See Marryshow*, 139 F.R.D. at 320.

Against this backdrop Plaintiff's arguments against bifurcation are unpersuasive. First, the potential for an increased financial burden for Plaintiff as a result of the bifurcation is small. Streamlining the issues and limiting discovery to the claim against Defendant Moritz initially will curb rather than increase costs, and if a second trial is necessary, any issues litigated in the first trial will be binding upon the parties during the second phase. Second, while a jury instruction could limit the harm to Defendant Moritz from prejudicial evidence, no instruction is likely to remove entirely the potential for prejudice. Finally, and as noted above, the pending motion to dismiss referenced by Plaintiff in his opposition has been denied as moot. And even if the motion were still pending it was based on deficiencies in Plaintiff's pleading which could not be refuted with evidence uncovered through discovery.

Absent any compelling arguments from Plaintiff, bifurcation of the § 1983 claim against St. Mary's County, Maryland and a stay of discovery are warranted.

## III. Conclusion

For the foregoing reasons, Defendant's motion for bifurcation and a stay of discovery will be granted. A separate Order will follow.

                                                                    /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge